LAND, J.
The three plaintiffs, grandsons of Adam Hoffman, deceased, instituted this suit for the purpose of setting aside the opening of his succession in the year 1898 in the district court of Rapides parish at the instance of the district attorney; and of annulling a certain probate sale of land scrip belonging to said succession, made to one James E. Miller, and of being recognized as heirs and put in possession of the estate.
After setting forth the mortuary proceedings, including the sale to Miller, the petitioners represent that at the time of the opening of said succession, and of said sale, they resided in the parish of Rapides, and that it was well known that they were the heirs of Adam Hoffman; that, being ignorant and illiterate, they knew nothing of said proceedings, which were in fraud of their rights; that, Adam Hoffman having been dead many years, there were and could have been no debts; that the debts alleged in the petition of the curator were created by the very opening of the succession by way of costs of court; that said proceedings were for the sole purpose of selling and buying in said scrip, which justly and legally belonged to them as heirs of Adam Hoffman ; that said Miller was an interposed person, whose domicile is unknown.
Miller answered, denying all the allegations of the petition, except such as might *676 be specially admitted, and specially denied the alleged heirship of the plaintiffs. Respondent admitted the alleged purchase by him of the said scrip at probate sale, but averred that the order of sale was properly granted by a court of competent jurisdiction, and that he was a purchaser in good faith, without notice of any defects or informalities, if any, in the proceedings; that all of said proceedings were regular and according to law, and that the adjudication and sale vested in him a good title to said property.
Respondent, further answering, pleaded the prescription of one, two, three, five, and ten years, and, finally, that the plaintiff, though present in the parish, made no objections to the opening of the succession, or the sale of the property, and are therefore' estopped to question the legality of the proceedings in the succession, or the validity of the sale to respondent.
The testimonial evidence adduced was confined to proving the alleged heirship of the plaintiffs and their ignorance of the succession proceedings and sale.
The evidence shows that the plaintiffs are not the sole heirs of Adam Hoffman residing in the parish, and that probably there are other heirs.
The succession proceedings show that in August, 1898, the district attorney in and for the Tenth judicial district was duly appointed and qualified as curator of the succession of Adam Hoffman, alleged to be worth less than $500; that the only property of the succession was a private land claim against the United States for a deficiency of 227.88 acres, which was inventoried and appraised at $15; that in due course the court ordered the sale of said claim, to pay debts; and that the same was advertised and sold according to law to the defendant Miller.
• There was judgment for defendants, and the plaintiffs have appealed.
While fraud was alleged, no attempt was made to sustain the allegations by proof.
Adam Hoffman died at his domicile in the parish of Rapides in the year 1865. The decedent left children and grandchildren, but his succession was never opened, and there is nothing to show that his legal heirs ever took possession of any property belonging to his estate. In 189S it was brought to the knowledge of the district attorney that the land scrip in question belonged to the decedent, and that no one had ever applied for the administration of his estate. Article 1190 of the Civil Code provides:
“If a succession is so small or so much in debt that no one will accept the curatorship of it, the judge of the place where the succession is opened, after having ordered an inventory of the effects composing it, shall appoint the district attorney or the district attorney pro tempore of the parish, curator of said succession, who shall cause the effects to be sold, and the proceeds to be applied to the payment of its debts; the whole to be done in as summary a manner as possible to diminish costs; provided this article is not to apply to successions amounting to more than five hundred dollars.”
Counsel for appellants argue in their brief that the succession was not vacant, because all the heirs resided in the parish, and that therefore all the proceedings were null ab initio.
Article 1190 was an amendment to the Civil Code of 1825, and is general in its terms. “A succession” means any succession. The legislative purpose was to provide for the speedy and economical settlement of small successions. The dominant idea was the smallness, and not the technical character of the estate.
The next contention is that there were no debts, and, therefore, no necessity for an administration. This might have been good ground for opposition to the administration, but furnishes no legal reason 'for annulling the probate sale.
“The purchaser at a sale under the order of a probate court, which is a judicial sale, is not hound to look beyond the decree recognizing its necessity. He must look to the jurisdiction of *678 the court; but the truth of the record concerning matters within its jurisdiction cannot be disputed.” Hennen’s Digest, p. 1494, No. 5.
There is not the slightest evidence to rebut the legal presumption that the purchaser was in good faith.
Judgment affirmed.
PROVOSTY, J., dissents.